**Thomas Edward DIETRICH, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C9–84–1575.**

Court of Appeals of Minnesota.

March 5, 1985.

Stephen R. O'Brien, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Peggy J. Birk, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LANSING, Judge.

The Commissioner of Public Safety appeals the trial court's order, following an implied consent hearing, rescinding respondent's driver's license revocation under Minn.Stat. § 169.123 (1982 & Supp.1983).

## FACTS

Respondent Thomas Dietrich hit a parked long-bed trailer while driving on Kyle Avenue in Golden Valley. His white Mustang car was seriously damaged.

Golden Valley Police officer Mark Pearson was on duty the evening of May 14, 1984, and was dispatched to the scene. As the only witness at the implied consent hearing, he described the scene of the accident and the damage to the car. In addition, he relayed, over hearsay objections, the comments of several bystanders indicating that Dietrich was the driver of the car. Pearson testified that Dietrich's brother and sister, present at the scene, told him that Dietrich had been driving the Mustang and that their father had picked him up and driven him home. This testimony was allowed for the purpose of showing Pearson's basis for seeking out and questioning Dietrich. The bystanders' statements did not indicate whether Dietrich appeared to be under the influence.

Pearson then testified that he drove to Dietrich's house and met Dietrich's father, walking, on the way. The father flagged Pearson down and accompanied him to the house. There Pearson noted that Dietrich showed signs of intoxication, and when asked whether he had been drinking, replied that he had "had a couple." Pearson administered field sobriety tests, some of which Dietrich failed, and a breath test, which registered more than .10.

Pearson did not testify concerning the time at which the accident occurred, although he answered "yes" when asked if he was on duty "the night of May 14, 1984, at approximately 9:19 p.m." Pearson testified that the implied consent advisory was begun at 10:24 p.m.

## ISSUE

Did the trial court err in determining that the Commissioner of Public Safety failed to establish probable cause for an implied consent license revocation when no evidence linked the time of the collision to

the time when Dietrich was determined to be under the influence of alcohol?

## ANALYSIS

A license revocation under Minn.Stat. § 169.123, subd. 4 (1982), requires "reasonable and probable grounds to believe the person had been driving, operating or in physical control of a motor vehicle while under the influence of alcohol or a controlled substance."

The evidence establishes reasonable and probable grounds to believe that Dietrich was driving the car involved in the collision and that Dietrich was under the influence of alcohol at the time Pearson observed him and administered the field sobriety and breath tests. However, the evidence does not establish the necessary connection between the two events. Officer Pearson answered "yes" when asked at the implied consent hearing if he was on duty "the night of May 14, 1984, at approximately 9:19 p.m." and testified that he began the implied consent advisory a little more than one hour later. The time when Pearson was on duty, however, does not establish when the accident occurred or when Pearson believed Dietrich to have been driving. The fact that Dietrich was involved in an accident and was later found to be under the influence establishes a sequence of events but provides no time frame for the sequence. The presence of people near the car when Pearson arrived suggests proximity in time, but this inference is not sufficient to establish the necessary temporal connection.

The trial court properly found that this testimony was not sufficient to provide reasonable and probable grounds to believe that Dietrich was driving a motor vehicle while under the influence of alcohol, as is required for a license revocation under Minn.Stat. § 169.123, subd. 4 (1982).

## DECISION

We affirm the trial court's rescission of Dietrich's license revocation.

Affirmed.