**Robert Fred HASBROOK,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C3–85–1095.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Irving Nemerov, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Respondent Robert Hasbrook's license was revoked for driving while intoxicated. He petitioned for judicial review of the revocation, and the trial court rescinded the revocation based on *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801 (Minn.Ct.App.1985). We reverse.

## FACTS

Certified peace officer Wayne Schwartz was on routine patrol on January 30, 1985. He received a call at approximately 10:50 p.m., reporting a possible personal injury accident in the area of Highway 10 and Highway 242 in Coon Rapids.

Schwartz arrived on the scene approximately one minute after the call, and found a pickup truck in the ditch on the westbound side of Highway 10, approximately one-tenth of a mile east of Highway 242. The pickup truck's right front fender was damaged and the two tires on the right-hand side were flat. The tracks in the snow indicated that prior to going into the ditch the truck had struck and knocked over a light pole. Schwartz ran a registration check on the vehicle and found that it was registered to Hasbrook.

Schwartz went to the truck, looked inside and saw no one. He reported this finding to the dispatcher, and cancelled the ambulance which had been called. Schwartz then received information that the driver had been seen walking away from the vehicle, heading towards the Main Street Standard gas station.

Schwartz then went to the gas station, which was just over one-quarter of a mile from the accident scene. A clerk was behind the cash register, and two men were in front of the counter. He asked the men whether either of them had driven the truck into the ditch on Highway 10. Hasbrook said that he was the driver. Schwartz then asked him to come with him to the squad car, and they drove back to the accident scene.

During this time, Schwartz smelled a strong odor of alcohol, observed that Hasbrook had bloodshot eyes, and noticed his slurred speech. Schwartz determined that Hasbrook was driving while under the influence of alcohol and arrested him. Schwartz read the implied consent advisory and Hasbrook agreed to take the breath test. The breath test revealed a blood alcohol concentration of .19.

Hasbrook's license was revoked. He brought a petition for judicial review, the trial court rescinded the revocation, and the Commissioner appeals.

## ISSUE

Did the trial court correctly determine that there was an insufficient temporal connection between evidence of respondent's driving and his intoxication?

## ANALYSIS

The implied consent law provides that a driver must submit to chemical test-

ing when an officer has probable cause to believe that he was driving while under the influence of alcohol. Minn.Stat. § 169.123, subd. 2 (1984). Such probable cause exists if "all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence." *Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 350 (Minn.Ct.App.1985). In addition, the evidence must show the "necessary temporal connection" between the driver's involvement in an accident and his intoxication. *Dietrich,* 363 N.W.2d at 803.

There is probable cause to believe Hasbrook was driving the vehicle. He admitted driving the vehicle to Schwartz. Furthermore, there is probable cause to believe that Hasbrook was intoxicated. Schwartz observed sufficient indicia of intoxication. Hasbrook does not deny that he was driving the vehicle or that he was intoxicated.

The crux of this matter revolves around the issue raised in *Dietrich.* In *Dietrich,* this court affirmed a trial court's rescission of a license revocation because the evidence did not establish the necessary temporal connection between the driving of the car involved in the accident and the driver's intoxication. Hasbrook argues that *Dietrich* cannot be distinguished from the facts of this case. The trial court, too, apparently determined that there was insufficient evidence to link the time of the collision to when Hasbrook was determined to be under the influence of alcohol. We do not agree.

■ A probable cause determination is a mixed question of fact and law, but once the facts have been found, the court must apply the law to determine whether probable cause exists. *Johnson,* 366 N.W.2d at 350 (quoting *Clow v. Commissioner of Public Safety,* 362 N.W.2d 360, 363 (Minn. Ct.App.1985)). In this case, there is no dispute about the facts.

While there are similarities between the facts here and in *Dietrich,* the cases are distinguishable. In *Dietrich,* there was no evidence which established when the accident occurred or when the officer believed that Dietrich was driving. Here, there was a sufficient temporal connection between the time of the accident and the time that Schwartz determined that Hasbrook was under the influence of alcohol. Schwartz testified as to the time he was dispatched to the accident scene and the time he arrived. He then received information that Hasbrook was walking towards a gas station. When Schwartz reached that gas station, Hasbrook was there and admitted driving the truck into the ditch. Soon after, Schwartz observed indicia of Hasbrook's intoxication.

■ While Schwartz did not testify explicitly as to the time of the accident or when he believed Hasbrook had been driving, there are facts which provide a sufficient time frame of the sequence of events to support a finding that there was probable cause to believe that Hasbrook had been driving while intoxicated.

### DECISION

The trial court erred as a matter of law when it rescinded the revocation of respondent's driving privileges. Sufficient evidence existed to link the time of the collision to when respondent was determined to be under the influence of alcohol, and to provide probable cause to believe respondent was driving while intoxicated.

Reversed.