**David Michael GRAHAM,**
**Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. CX–85–820.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Lawrence P. Zielke, Orlins & Brainerd, Richfield, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Kenneth H. Bayliss, III, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Respondent David Graham's driver's license was revoked after a breath test showed he was under the influence of alco-

hol. The district court reinstated Graham's driver's license on the grounds that (1) he had been denied his right to counsel, and (2) the arresting officer had no probable cause to arrest him because the officer did not know how long Graham's car had been in the ditch where it was found. Graham also presented evidence that he was not driving the car, but the trial court made no findings on that issue. The Commissioner of Public Safety appeals.

## FACTS

On a cold and windy evening in the middle of January 1985, David and Melanie Graham attended a party in the home of friends in Lakeville. They left at about 10:30 p.m. Melanie Graham testified that she drove because David Graham had been drinking. Delores McMillan, who had also been at the party and left at the same time as the Grahams, testified that she saw Melanie Graham get into the car on the driver's side and David Graham get in on the passenger side. She also saw them drive off.

When they reached the intersection of Highway 50 and Jaguar Path in Lakeville, the Grahams' car slid into a ditch. David Graham flagged down a passing motorist, who gave them a ride to a service station. At the station, the Grahams called a tow truck and drank coffee.

In the meantime, police officer David Bellows was notified by radio of a vehicle in a ditch at the intersection of Highway 50 and Jaguar Path. When he arrived there he searched the interior of the car and found a bottle of whiskey under the front passenger seat. The same motorist who had picked up the Grahams stopped and told Officer Bellows that he had just given them a ride to the service station.

The officer went to the station and approached David Graham. The testimony differs sharply as to what happened next. Officer Bellows said he asked Graham if he was the driver of the vehicle that had gone off the road, to which Graham responded that he was but it was none of Bellows' business. Graham testified that Bellows

asked who *owned* the car, and he replied "It's my car, who gives a * * *?" (expletive deleted). Within a very few minutes Graham had been arrested. He later took a breath test which showed his blood alcohol level to be .16%.

Graham testified that Bellows did not ask him who drove the car. Graham did not deny that he had been drinking, but he said he immediately denied driving the car. Melanie Graham testified that her husband did not say he was the driver of the car.

The trial court did not make a factual finding on who had been driving the car but reinstated Graham's license because he had been denied his right to counsel and because the Commissioner had failed to establish probable cause. The Commissioner appeals. Graham conceded in his brief that he has no statutory or constitutional right to counsel. *See Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985).

## ISSUES

1. Did the Commissioner establish probable cause to believe that Graham was driving a motor vehicle under the influence of alcohol?

2. To sustain a revocation must the Commissioner prove that the petitioner drove the vehicle?

## ANALYSIS

### I

Probable cause exists whenever there are facts and circumstances known to the officer which would warrant a prudent person in believing that the individual was driving or was operating a motor vehicle on the highway while under the influence of alcohol. *See State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972).

The trial court found no probable cause because the officer did not know how long the Grahams' car had been in the ditch. The court's memorandum provides:

[T]he officer's probable cause encompassed no time frame relative to driving,

operating or control of the vehicle in question. It is true that a time frame was later placed before the Court by petitioner's witnesses, but that is irrelevant. What is important is what the officer believed at the time when he informed the petitioner of the implied consent procedures of this State. Taking the officer's testimony at face value that he was told that petitioner herein was the driver, nonetheless, the record is devoid of any testimony as to when that occurred.

The trial court was apparently relying on *Dietrich v. Commissioner of Public Safety,* 363 N.W.2d 801 (Minn.Ct.App.1985). In *Dietrich* this court affirmed a finding of no probable cause because there was no evidence in the record to establish when the accident occurred or when the officer believed that Dietrich was driving; *Dietrich* does not establish a rule of law that the officer must explicitly testify as to the time of an accident. The facts of this case differ from *Dietrich* in that there is evidence that the driving occurred shortly before the officer's discovery of the vehicle. When Bellows arrived at the scene a passing motorist told him that he had *"just* transported the occupants" to the service station. The officer could infer under the circumstances that the Grahams had only recently left the car. Therefore the trial court's conclusion that the officer lacked the time frame necessary to establish probable cause was error.

Given the disputed testimony at the hearing regarding what was said and who was driving, we cannot find probable cause as a matter of law. *But see Hasbrook v. Commissioner of Public Safety,* 374 N.W.2d 592 (Minn.Ct.App.1985) (distinguishing *Dietrich* and finding probable cause as a matter of law based on undisputed facts). We therefore remand to the trial court.

## II

David Graham presented evidence that he was not driving before his arrest. He, Melanie Graham, and Delores McMillan testified that Melanie Graham drove home.

Furthermore, Bellows found the whiskey bottle under the passenger seat. He urges this court to hold that the Commissioner must prove that he was driving the vehicle. *Cf. Roberts v. Commissioner of Public Safety,* 371 N.W.2d 605 (Minn.Ct.App. 1985), *pet. for review filed,* (Minn. Aug. 22, 1985) (Commissioner must prove physical control of a vehicle). The Commissioner contends that Minn.Stat. § 169.123, subd. 6 (1984), precludes consideration of whether the person in fact was driving because it limits the implied consent hearing to the issue whether there was probable cause.

The trial court did not rule on this issue below, and on remand may not reach it if the court finds there was no probable cause to believe that Graham was driving while under the influence of alcohol. To address the issue now would require us to render an advisory opinion.

## DECISION

The trial court erred in finding that the arresting officer did not have probable cause because he did not know how long the Grahams' car had been abandoned. We remand for other findings necessary to determine whether probable cause existed.

Reversed and remanded.