**William James BURKE, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C0–85–1300.

Court of Appeals of Minnesota.

Nov. 26, 1985.

 

William G. Moore, Fridley, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., LESLIE and NIERENGARTEN, JJ. with oral argument waived.

## OPINION

LESLIE, Judge.

Respondent William Burke's driving privileges were revoked under the implied consent law. He petitioned for judicial review, and the trial court rescinded the revocation for lack of probable cause. We reverse and remand.

## FACTS

Officer Dale Karis was on routine patrol duty the evening of March 24, 1985. At approximately 7:35 p.m. he received a radio call that a truck was in the ditch at the intersection of Highway 61 and Roselawn, in Maplewood. Officer Karis arrived on the scene within one minute. He observed a 1975 Dodge pickup in the ditch. The vehicle was registered to respondent. Another truck parked on the side of the road belonged to respondent's brother.

The officer asked why respondent's brother was at the scene; the brother said he had just received a telephone call from respondent, asking for help pulling the vehicle out of the ditch. He said that as soon as he got the call, he immediately left from White Bear Lake.

The officer was not sure whether it had snowed that night, but noted that there were tracks heading into the ditch from the road, and that the tracks looked fresh. After he had been at the scene for only a minute or two, another vehicle arrived. Respondent, his wife, and his friend, Michael Garfield, were in that car.

The officer asked what had happened and who had driven respondent's truck. Garfield and respondent looked at each other and hesitated; Garfield then said he was

driving it. The officer looked at Garfield, and asked why he had driven respondent's vehicle. Garfield replied that he did not know. The officer asked again who had driven the vehicle, and respondent then replied that he had.

The officer noticed that respondent's breath smelled strongly of alcohol, he had extremely slurred speech, he staggered when he walked, and his eyes were bloodshot and watery. Respondent took some field sobriety tests, during which he swayed and slurred his speech. The officer asked how much he had been drinking that day. Respondent replied: "A bit. I had been drinking most of the day." When asked how he had gone into the ditch, respondent said that a vehicle had run him off the road. That driver gave him a ride home. He went home and called his brother to obtain assistance in pulling his vehicle out of the ditch.

The officer believed that respondent was definitely under the influence. He arrested respondent for driving while intoxicated, took him to the station and read him the implied consent advisory. Respondent agreed to take the breath test which registered a blood alcohol concentration of .19.

After the Commissioner finished presenting his evidence, the trial court granted respondent's motion to rescind the revocation of his driving privileges, based on *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801 (Minn.Ct.App.1985). The Commissioner appealed from that order.

## ISSUE

Whether the trial court erred in concluding that the officer lacked sufficient probable cause to believe that respondent had been driving a motor vehicle while under the influence of alcohol?

## ANALYSIS

■ 1. An officer must have probable cause to believe that a person is driving while under the influence of alcohol before requiring that person to submit to chemical testing. Minn.Stat. § 169.123, subd. 2 (1984). Probable cause exists when the facts and circumstances "would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence." *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985).

The trial court rescinded the revocation of respondent's driving privileges, based upon *Dietrich*. In *Dietrich*, this court affirmed the trial court's rescission of the revocation of Dietrich's driving privileges, because the evidence presented did not establish the necessary connection between the time Dietrich had been driving and the time he was found to be under the influence.

The trial court here found that the only evidence linking respondent's drinking and driving was the officer's testimony that the tracks in the snow leading to the truck appeared fresh. The trial court noted that the officer also testified that he did not recall if it was snowing that night. The court concluded that the questionable testimony regarding the tracks was not sufficient to establish a link between respondent's driving and intoxication, determined that there was insufficient probable cause, and rescinded the revocation.

■ Even disregarding the testimony on the tracks in the snow, the undisputed remaining evidence provides a time frame sufficient to conclude, as a matter of law, that there was probable cause to believe that respondent was driving while drinking. *Hasbrook v. Commissioner of Public Safety*, 374 N.W.2d 592 (Minn.Ct.App.1985). *See Berge v. Commissioner of Public Safety*, 374 N.W.2d 730 (Minn.1985).

When the officer arrived on the scene, respondent's brother said that he had just received a call from respondent to help pull the vehicle out of the ditch, and that upon receiving the call he had immediately left from White Bear Lake. Respondent, who admitted drinking "most of the day," told the officer that a vehicle had run him off the road, and he had been given a ride home by that driver. He went home and

called his brother to help him pull the vehicle out of the ditch.

 *Dietrich* does not require that an officer must explicitly testify as to the time of the accident. *Graham v. Commissioner of Public Safety,* 374 N.W.2d 809, 811 (Minn.Ct.App.1985). The officer could infer from the facts that the respondent had recently left his car, gone home, and then returned to the scene. The facts here meet the requirement in *Dietrich* that the evidence presented must show a connection between the time of drinking and driving. We find probable cause as a matter of law.

2. The respondent moved that the court find in his favor after the Commissioner presented his evidence. The trial court did so. Respondent at that point had no need to present further evidence because he prevailed. Respondent alleged in his petition for review that he consumed sufficient alcohol after the time of any alleged driving and before the administration of the intoxilyzer test to cause his blood alcohol level to exceed .10. Because we are reversing the trial court's ruling under which respondent had prevailed, we remand the case to allow respondent to present his evidence.

Appellant suggests that this amounts to basing the decision on matters outside the record, which an appellate court may not do. *Plowman v. Copeland, Buhl & Co., Ltd.,* 261 N.W.2d 581, 583 (Minn.1977). We are not basing the decision to remand on facts outside the record. We are remanding to allow respondent to present evidence on a claim specifically made in his petition for judicial review which, because of the trial court's disposition of the case, he has not yet had the opportunity to present.

## DECISION

The undisputed facts provide a sufficient time frame to support the officer's probable cause determination that respondent was driving while intoxicated. We remand the case to allow respondent to present testimony to the trial court on the issue of whether he did consume alcohol after driving and prior to the breath test.

Reversed and remanded.