Kathe-Sue ERICKSON,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CO–85–1684.

Court of Appeals of Minnesota.

April 15, 1986.

Barry W. McKee, Stillwater, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from a district court order sustaining the revocation of appellant Kathe-Sue Erickson's driving privileges. It arises out of her arrest on January 27, 1985, on a charge of violating Minn.Stat. § 169.121 (1984), the DWI statute, and her subsequent refusal to submit to testing to determine her blood alcohol concentration. We affirm.

## FACTS

On January 27, 1985, at approximately 10:15 p.m., Officer James Fure, a Washington County deputy sheriff, responded to a call from the State Patrol to proceed to a possible accident scene on 30th Street at County Road 15, Lake Elmo, where a vehicle was in the ditch. He arrived at the scene approximately two to three minutes after he received the call and observed a vehicle in the ditch off the main roadway. He also observed Lieutenant Gibson of the Minnesota State Patrol standing behind, and appellant Erickson standing next to, the vehicle.

Gibson informed Fure that when he (Gibson) arrived at the scene, Erickson was seated behind the wheel of the vehicle in the ditch. Fure approached Erickson, who said that the right tire of her car "grabbed" the roadway, causing her to lose control of the vehicle. She stated that she was on her way to her home in Maplewood. There was no testimony as to the time the accident had occurred.

Fure testified that Erickson was unsteady on her feet, her speech was slurred,

and she had alcohol on her breath. She was arrested for violating Minn.Stat. § 169.121 (1984) and taken to the Washington County Sheriff's Department. Erickson was offered a breath test, but she failed to provide two adequate samples. Her failure to cooperate with the test was recorded as a refusal by the test administrator.

Erickson argues the Commissioner of Public Safety has not established that there was probable cause to arrest her for violation of the DWI statute and that the Commissioner failed to establish the "necessary temporal connection" between her driving and her alleged intoxication as required by *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801, 803 (Minn.Ct.App. 1985).

## ISSUE

Did the officer have probable cause to believe that Erickson was in physical control of a motor vehicle while under the influence of alcohol?

## DISCUSSION

Erickson's reliance on *Dietrich* is misplaced. A license revocation under Minn. Stat. § 169.123, subds. 2, 4 (1982), requires "probable cause to believe the person had been driving, operating, *or in physical control* of a motor vehicle while under the influence of alcohol or a controlled substance * * *." Minn.Stat. § 169.123, subd. 4 (emphasis added). In *Dietrich* the alleged driver had already left the scene when the police arrived. In this case Erickson was still behind the wheel when Lieutenant Gibson arrived. She stated that she had been driving and was on her way home when her car went in the ditch.

This case is controlled by *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705 (Minn.Ct.App.1984), in which this court held:

> The evidence produced at the implied consent hearing was sufficient to sustain the court's conclusion that appellant was in physical control of a motor vehicle when he was found behind the wheel of a car, observed to be intoxicated, and when

he told police officers that he had been driving the car earlier.

*Id.* at 708; *see also Martin v. Commissioner of Public Safety*, 358 N.W.2d 734 (Minn.Ct.App.1984).

Deputy Sheriff Fure clearly had probable cause to believe that Erickson had physical control of a motor vehicle while under the influence of alcohol.

## DECISION

The trial court did not err in sustaining the revocation of appellant's driving privileges pursuant to Minn.Stat. § 169.123.

Affirmed.