Gary Allen HOLLAND, Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. CX–85–2261.

Court of Appeals of Minnesota.

April 22, 1986.

Review Denied June 19, 1986.

Paige Donnally, Ltd., Benjamin F. Gallagher, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Respondent was arrested for driving while under the influence of alcohol, and failed a breath test. His driving privileges were revoked pursuant to the implied consent law, and he petitioned for judicial review. After a hearing, the trial court rescinded the revocation. The Commissioner of Public Safety appeals. We reverse and remand.

## FACTS

Officer Jay Swanson of the Minnesota State Patrol was on duty on October 1, 1985. At approximately 2:05 a.m., he was in the area of downtown Lake Elmo when his dispatcher informed him that a citizen advised her that a car was in the median in the area of U.S. Trunk Highway 12 and County Road 15. Swanson proceeded south on County Road 17 towards Highway 12 and when he was just north of Highway 12, he saw respondent standing in the middle of the highway, waving his arms to attract Swanson's attention.

Swanson stopped his car and got out. It appeared that respondent needed some kind of assistance as he was wearing shorts even though the temperature was only 38 degrees. Swanson talked to respondent, who asked him to call a tow truck. Respondent told the officer: "I put my car in the ditch." When Swanson asked him where, he started mumbling. They stood outside for a short time while Swanson tried to determine where respondent's car was. Swanson then asked respondent to have a seat in his car and asked respondent if he could direct him to where the car was. Respondent indicated that he could.

Respondent directed the officer to an area just west of County Road 17 on Highway 12, approximately one-half mile from where the officer met him. Along the way, respondent told the officer that as he was going home he was forced off the road, and had no choice but to go into the ditch where he was now stuck.

Swanson was with respondent for two to three minutes until they arrived at the scene where the car was located. At the scene, Swanson was only a foot or two away from respondent. The officer observed that respondent had bloodshot eyes, slurred speech, and smelled strongly of alcohol.

Swanson saw that the car was stuck in the mud and he called for a tow truck. He then asked respondent to perform several field sobriety tests which respondent performed very poorly. Respondent also began telling the officer that he got stuck because he had to drive around a parked car. The officer did not believe respondent because if a car were parked where respondent said it was, it would have been stuck.

The officer also asked respondent to take a preliminary breath test. Respondent said he should not have to, and that the officer should get the person who forced him off the road. Respondent refused to take the preliminary breath test. The officer formed the opinion that respondent was very intoxicated and arrested respondent for driving while under the influence of alcohol.

The Commissioner rested after this testimony, and the trial court rescinded the revocation based on *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801 (Minn.Ct.App.1985). The Commissioner of Public Safety appeals from the trial court's order.

### ISSUE

Did the trial court err in determining that the officer did not have probable cause to believe respondent was driving while under the influence of alcohol?

### ANALYSIS

Appellant contends the trial court erred in determining that the police officer did not have probable cause to believe respondent was driving while under the influence.

■ Minn.Stat. § 169.123, subd. 2(a) provides that an officer may require a person to take a test if the officer has proba-

ble cause to believe the person was driving in violation of Minn.Stat. § 169.121. Probable cause exists where all the facts and circumstances warrant a cautious person to believe that the suspect has committed a wrongful act. *Steinberg v. State, Department of Public Safety*, 357 N.W.2d 413, 416 (Minn.Ct.App.1984). In reviewing the police officer's determination, the trial court must evaluate the probable cause from the point of view of a prudent and cautious police officer on the scene. *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984).

■ In this case, the trial court determined the police officer did not have probable cause to believe respondent had been driving while under the influence because there was no attempt to link the alleged driving with the intoxication. The court relied on *Dietrich*, 363 N.W.2d 801, where this court affirmed a trial court finding that there was insufficient probable cause to believe respondent was driving while under the influence. The evidence there did not establish a sufficient time frame showing the connection between Dietrich's involvement in the accident and the time he was under the influence. *Dietrich* does not require, however, that the officer must explicitly testify as to the time of the accident. *Graham v. Commissioner of Public Safety*, 374 N.W.2d 809, 811 (Minn.Ct.App. 1985).

After the officer picked respondent up, he told the officer that he drove his car in the ditch, and directed the officer to the location of the car. He also told the officer that as he was going home he had been forced off the road, and had gone off the road to avoid a parked car. The officer noticed indicia of intoxication while talking to him and had probable cause to believe he was under the influence. While the officer did not know exactly when the accident occurred, the facts show a connection between the time of drinking and driving as respondent said he had just been going home when he was forced off the road. The officer also encountered him wearing shorts in 38 degree weather, walking along

the highway. These facts present a time frame to support our holding that the officer had probable cause to believe respondent was driving while under the influence of alcohol. *See Hasbrook v. Commissioner of Public Safety,* 374 N.W.2d 592, 594 (Minn.Ct.App.1985).

■ The trial court decided this case at the close of the Commissioner's evidence. This matter is reversed and remanded to allow respondent to present his evidence in the case. *Burke v. Commissioner of Public Safety,* 377 N.W.2d 78, 81 (Minn.Ct.App. 1985).

## DECISION

Because the police officer had probable cause to believe respondent was driving while under the influence, the matter is reversed and remanded.

Reversed and remanded.