David Coggeshal DELONG,
Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. CX-85-2356.

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 13, 1986.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Respondent was arrested for driving while under the influence. His driving privileges were revoked after a blood test revealed an alcohol concentration of .11, and he petitioned for judicial review. The trial court rescinded the revocation and the Commissioner appeals.

## FACTS

On September 10, 1985, at approximately 1:30 a.m., State Trooper Randall Lee Slinger received a radio dispatch that Glenn's Towing Service (Glenn's) in Faribault, Minnesota requested that a trooper check for a vehicle possibly stuck in the median on I–35, near milepost 61. Slinger was on the scene within approximately five minutes. There was no testimony as to the time the dispatcher received the call from Glenn's.

At the scene, Slinger observed a motor home, which appeared to be southbound, stuck in the median. He advised his radio operator to contact Glenn's. The operator told him that Glenn's would tow the vehicle and pick up the person who had reported the vehicle to them.

Respondent was transported to the scene by the towing service. He left the tow truck and went to the motor home. Slinger

was in his squad at that time, directing traffic.

Trooper Slinger met respondent at about 2:00 a.m. Respondent said he was the driver, and Slinger then asked him to step back to his squad car to discuss the matter. Respondent said he had gone into the ditch that night. He had made several appointments within Minnesota during the day, had stopped for dinner in the Twin Cities, and was headed back to Iowa. He said that after he went into the ditch, he and his passenger got a ride to the Huckleberry Restaurant/Truck Stop in Faribault from a passerby on the highway. They called Glenn's for a tow.

The officer noticed indicia of intoxication and gave respondent several field sobriety tests. The trooper placed respondent under arrest and read him the implied consent advisory. Respondent agreed to take the blood test, which was given at approximately 3:00 a.m. The test revealed a blood alcohol concentration of .11.

The trooper did not know what time the accident occurred. Before placing respondent under arrest, the trooper failed to ask him if he had been drinking after the accident. Respondent did not tell the trooper he had had anything to drink since the accident.

The trial court rescinded the revocation of respondent's driving privileges and the Commissioner appeals.

### ISSUE

Did the trial court err in concluding that the trooper did not have probable cause to believe respondent was driving, operating, or in physical control of a motor vehicle in violation of Minn.Stat. § 169.121 (1984)?

### ANALYSIS

The trial court found the trooper clearly had probable cause to believe respondent had been driving at the time of the accident, and that he was under the influence of alcohol when the trooper observed him at 2:00 a.m. However, the court found that he did not have probable cause to believe

respondent was under the influence at the time he drove, as required by Minn.Stat. § 169.123, subd. 2 (1984), stating in a memorandum attached to its order:

> There is absolutely no evidence as to when the driving occurred; Slinger testified he did not know when it occurred. Absolutely no information had been given to Slinger to give any kind of frame of reference to show that the driving took place within a reasonable time span before the trooper observed DeLong.

The court relied on *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801 (Minn.Ct.App.1985), and distinguished *Hasbrook v. Commissioner of Public Safety*, 374 N.W.2d 592 (Minn.Ct.App.1985) and *Graham v. Commissioner of Public Safety*, 374 N.W.2d 809 (Minn.Ct.App.1985).

The driver here argued successfully to the trial court that the officer had no probable cause to believe he was driving while under the influence because he did not know what time the driving occurred.

Probable cause must be evaluated from the point of view of the officer, giving deference to the officer's experience and judgment. *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn. Ct.App.1985). An officer need not personally observe the driving or operating of the vehicle. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 880–81 (1972). An officer is not required to know the *exact time* an accident occurred to make a valid arrest for driving while under the influence. *See Graham*, 374 N.W.2d 809, 811. However, there must be a time frame established showing a connection between drinking and driving. *Hasbrook*, 374 N.W.2d 592, 594.

We disagree with the trial court. Trooper Slinger had facts before him sufficient to establish a temporal connection. At about 1:30 a.m. he received the initial dispatch requesting that he check out an accident on I–35. At 2:00 a.m. respondent arrived at the scene of the accident and related a sequence of events to Trooper Slinger: On his way to Iowa from the Twin Cities, respondent drove into the ditch; he

got a ride from a passing motorist to a nearby truck stop; he called a tow truck; the tow truck picked him up and drove him back to the scene of the accident, where the officer noticed obvious signs of intoxication. In *Dietrich*, on the other hand, no time frame whatsoever was established. *Dietrich*, 363 N.W.2d 801.

## DECISION

The trial court erred in determining that the officer did not have probable cause to believe respondent was driving in violation of Minn.Stat. § 169.121.

Reversed.