STATE of Minnesota, Appellant,

v.

James Wallace HENDRICKS,
Respondent.

No. CX–98–1319.

Court of Appeals of Minnesota.

Nov. 24, 1998.

Raymond F. Schmitz, Olmsted County Attorney, Helen R. Brosnahan, Assistant County Attorney, Rochester, for appellant.

John M. Stuart, State Public Defender, Bradford S. Delapena, Assistant State Public Defender, Minneapolis, and Mark D. Nyvold, Special State Public Defender, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and WILLIS and FOLEY,* JJ.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10

## OPINION

DANIEL F. FOLEY, Judge.

Appellant State of Minnesota challenges the district court's legal determination that there was no probable cause to believe respondent James Hendricks was in physical control of a motor vehicle. The district court found that respondent could not have exercised physical control over the motor vehicle and granted respondent's motion to dismiss. We reverse and remand for trial.

### FACTS

The undisputed facts of this case show that, on a January evening, respondent and his friend Atkinson were riding in a truck that became lodged in a snow bank. When a neighbor, who witnessed the accident, went inside to call the police, Atkinson and respondent got out of the truck. Atkinson began walking down the road, while respondent, who had fallen into the snow bank, got back into the vehicle on the driver's side.

Two deputies were dispatched to investigate. Upon arrival, Deputy Howard observed one individual in the driver's seat of the truck and another individual walking toward the vehicle. Howard asked each of the individuals who was driving and neither would respond. Howard then directed Atkinson to sit in the squad car while he and Deputy Carmack assessed the situation.

Respondent was sitting in the driver's seat of the vehicle with the engine running when Carmack approached him. When Carmack asked respondent if he had been driving, respondent indicated that his friend was the driver, but was unable to provide his friend's name. When speaking to respondent, Carmack noticed a strong odor of alcohol and observed that respondent's eyes were bloodshot, and his pupils were dilated. After asking respondent how much he had to drink, respondent replied that he drank one pint of hard liquor and admitted to smoking marijuana earlier in the day. Carmack conducted only a few field sobriety tests because respondent complained that his left ankle hurt. It was later determined that the ankle was fractured. Further, Carmack learned that the truck was registered to respondent.

Based on the fact that the respondent was the registered owner of the vehicle, was sitting in the driver's seat with the engine running, and was obviously intoxicated, Carmack placed respondent under arrest for driving under the influence offenses.

Appellant challenges the district court's grant of respondent's motion to dismiss, alleging there was probable cause to find respondent in physical control of the motor vehicle.

### ISSUE

Did the district court clearly err when it held there was no probable cause to believe that respondent was in physical control of a motor vehicle?

### ANALYSIS

A dismissal for probable cause is appealable if it is based on a legal determination. *State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App.1991). As with other legal determinations, it is reviewed de novo. *See, e.g., State v. Diedrich,* 410 N.W.2d 20, 22–3 (Minn.App.1987).

Probable cause exists where the facts would lead a person of ordinary care and prudence to hold an honest and strong suspicion that the person under consideration is guilty of a crime. *State v. Carlson,* 267 N.W.2d 170, 173 (Minn.1978). In addressing a probable cause challenge, the court must determine whether, given the facts disclosed by the record, it is fair and reasonable to require the defendant to stand trial. *State v. Florence,* 306 Minn. 442, 239 N.W.2d 892, 902 (Minn.1976).

The state makes no claim that respondent drove the vehicle prior to the accident or after it became lodged in the snow bank. The basis of appellant's argument is that even though respondent was not the driver, he was in "physical control" of the vehicle within the meaning of Minn.Stat. § 169.121, subd. 1 (Supp.1997).

Although not defined in the statute, the supreme court has adopted the following definition of "physical control":

[B]eing in a position to exercise dominion or control over the vehicle. Thus, a person [is] in physical control of a vehicle if he has the means to initiate any movement of that vehicle and he is in close proximity to the operating controls of the vehicle, and this is true whether the vehicle can be driven upon the highway at that point or not. *State v. Duemke,* 352 N.W.2d 427, 432 (Minn. App.1984). The uncontroverted facts demonstrate that respondent was the registered owner of the vehicle sitting in the driver's seat with the engine running when the officers arrived at the scene. This provided respondent with "the means to initiate any movement" of the vehicle.

The fact that the truck was lodged in a snow bank and temporarily inoperable does not, by itself, support the court's finding of no probable cause. *See State v. Starfield,* 481 N.W.2d 834 (Minn.1992) (finding driver in physical control of vehicle stuck in snowy ditch and not running, where keys were in driver's pocket); *State v. Woodward,* 408 N.W.2d 927 (Minn.App.1987) (physical control found despite vehicle's flat tire); *Abeln v. Commissioner of Pub. Safety,* 413 N.W.2d 546 (Minn.App.1987) (dead battery did not preclude defendant from being in physical control).

In *Starfield,* the defendant was sitting behind the driver's wheel, intoxicated, her car stuck in a snow-filled ditch with the headlights on, but the engine was not running. *Starfield,* 481 N.W.2d at 835. She was convicted of being in physical control of a motor vehicle while under the influence of alcohol. The case went to the jury solely on the issue of whether the defendant was in physical control of the vehicle even though it was inoperable. *Id.* at 836. The court found that temporary inoperability does not preclude a finding of physical control. *Id.* at 838. The court held that physical control is meant to include situations where an intoxicated individual is found in a parked car under circumstances where the car, without too much difficulty, might again be started and become a source of danger to the driver, to others, or to property. *Id.* at 839. The intent of the physical control offense is to deter the drunk driver from driving again. *Id.* at 837.

*Starfield* also concluded that mere presence in a vehicle is not enough to find physical control; it is the overall situation that is determinative. *Id.* at 838. The court provided the following relevant factors for consideration:

[The jury] may consider defendant's location in or by the vehicle, the location of the ignition keys, whether the defendant had been a passenger in the vehicle before it came to rest, who owned the vehicle, the extent to which the vehicle was inoperable, and whether the vehicle if inoperable might have been rendered operable so as to be a danger to persons or property. [The jury] may consider these as well as any other facts or circumstances bearing on whether or not the defendant was then in physical control of a motor vehicle which was or reasonably could have become a danger to persons or property while the defendant was under the influence of alcohol.

*Id.* at 839. The court found that because the defendant could have corrected the vehicle's temporary disability (by enlisting the help of a passerby to extricate her car from the ditch) and driven down the road while under the influence, she was in physical control of the motor vehicle. *Id.* at 838.

Like the defendant in *Starfield,* respondent was intoxicated and sitting behind the driver's wheel of a truck stuck in a snow bank. Additionally, the truck's engine was running and respondent was the registered owner of the vehicle. It is plausible that without too much difficulty, respondent could have become a source of danger to himself, to others, or to property.

Respondent claims that his ankle injury prevented him from being able to control the vehicle. He argues that this case is distinguishable from *Starfield* because the injury to his ankle could not have been corrected without medical attention. Even though the vehicle was temporarily in a snow bank, respondent's injury would not preclude him from being able to control the vehicle. In any event, the circumstances are for the jury to consider. A letter from respondent's doctor indicated that respondent suffered a left ankle fracture that required surgery. The

record is unclear as to how the fracture occurred.

While the district court relied on the ankle injury to find no probable cause, that finding is inconsistent with the conceded and undisputed facts of this case. Even with a manual transmission, there is nothing in the record to indicate that respondent would have been unable to steer or otherwise operate the vehicle from his position in the driver's seat, particularly if it was towed out of the snow bank.

## DECISION

Respondent's ankle injury does not preclude a finding of probable cause to establish that he was in physical control of a motor vehicle. Because we conclude that the district court erred as a matter of law, we reverse and remand for trial.

**Reversed and remanded.**