**Jason Michael SNYDER, Petitioner, Appellant**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. A06–2435.

Court of Appeals of Minnesota.

Jan. 29, 2008.

 

 

 

 

 

 

 

 

Shannon M. Fitzpatrick, Minneapolis, for appellant.

Lori Swanson, Attorney General, Emerald Ayrhart Gratz, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by STONEBURNER, Presiding Judge; HALBROOKS, Judge; and CRIPPEN, Judge.

**OPINION**

CRIPPEN, Judge.*

Appellant contends that the district court erred in sustaining revocation of his license pursuant to Minn.Stat. § 169A.52, subd. 4 (2006) for his alleged violation of Minn.Stat. § 169A.20, subd. 1 (2006), which governs impaired motorists, because he was not in "physical control" of his vehicle as the statutes demand. We reverse the decision sustaining the revocation.

**FACTS**

On September 2, 2006, appellant Jason Snyder attended a wedding reception, where he was involved in an altercation with some of the other guests. The police were contacted, and Wright County Deputy Sheriff Jeremy Wirkkula arrived as ap-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

pellant, his wife, and two of their friends were walking toward a vehicle parked in a lot adjoining the reception site. One of the officers already on the scene indicated to Deputy Wirkkula that appellant had been involved in the conflict, so the deputy drove across the parking lot to speak with the group. As he approached, he observed appellant unlock the driver's side door. Appellant opened the door, placed his right foot inside the passenger compartment, and had his left hand, which was holding keys, on the door. The group noticed Deputy Wirkkula approaching, and appellant turned around and began walking toward the squad car. As he walked, he tossed the keys to his wife.

Appellant was then arrested for DWI and his license was revoked under the implied consent law. At the hearing, appellant's wife and a friend who had been with them testified that they approached the vehicle to get away from others involved in the altercation; that they had been planning to take a limousine supplied by the wedding party to rooms they had reserved at a hotel; and that they had not intended to drive. This testimony was not found to be credible by the district court.

**ISSUE**

Did the district court err in finding that appellant was in "physical control" of his vehicle?

**ANALYSIS**

Appellant argues that his license revocation was in error because he was not in "physical control" of his vehicle as provided by Minn.Stat. § 169A.52, subd. 4(a) (2006). Whether a person is in physical control of a motor vehicle for purposes of

Minn. Const. art. VI, § 10.

the implied-consent law is a mixed question of law and fact. *Snyder v. Comm'r of Pub. Safety*, 496 N.W.2d 858, 860 (Minn. App.1993). Due regard is given the district court's opportunity to judge the credibility of witnesses, and findings of fact will not be set aside unless clearly erroneous. *Thorud v. Comm'r of Pub. Safety*, 349 N.W.2d 343, 344 (Minn.App.1984). Once the facts are established, the issue of physical control is a question of law, which this court reviews de novo. *Snyder*, 496 N.W.2d at 860.

■ A person's license must be revoked if he or she was in physical control of a vehicle and had an alcohol concentration higher than .08. Minn.Stat. § 169A.52, subd. 4. Laws prohibiting a person from driving while intoxicated are liberally interpreted in favor of the public interest and against the private interest of the driver involved. *State, Dep't of Pub. Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). "The term 'physical control' is more comprehensive than 'drive' or 'operate.'" *State v. Starfield*, 481 N.W.2d 834, 836 (Minn.1992). The Minnesota Supreme Court has determined that an acceptable jury instruction describing "physical control" may read as follows:

> [B]eing in a position to exercise dominion or control over the vehicle. Thus, a person [is] in physical control of a vehicle if he has the means to initiate any movement of that vehicle and he is in close proximity to the operating controls of the vehicle, and this is true whether the vehicle can be driven on the highway at that point or not.

*State v. Duemke*, 352 N.W.2d 427, 432 (Minn.App.1984) (alterations in original).

■ Furthermore, "physical control is meant to cover situations where an inebriated person is found in a parked vehicle under circumstances where the car, without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property." *Starfield*, 481 N.W.2d at 837. Intent to operate does not have to be shown in order to find that an individual is in physical control. *Id.* at 839; *State v. Moe*, 498 N.W.2d 755, 758 (Minn.App.1993). But mere presence in or about the vehicle is not enough to show physical control; a court examines the overall situation in making its determination. *Starfield*, 481 N.W.2d at 838; *see also Ledin v. Comm'r of Pub. Safety*, 393 N.W.2d 433, 435 (Minn. App.1986) (recognizing that location of keys is one factor among many to consider).

In certain circumstances, the overall situation has indicated that a defendant was in "physical control" of a vehicle even when not located inside the passenger compartment. For example, in *State v. Woodward*, 408 N.W.2d 927, 927–28 (Minn. App.1987), a motorist standing at the rear of the vehicle was found to be in "physical control" when the vehicle had a flat tire, the engine was running, the key was in the ignition, no one else was present, and she owned the vehicle. But often, whether the motorist involved is seated in the motor vehicle is an important factor involved in the overall consideration of whether he or she is exercising physical dominion over a vehicle. *See, e.g., Juncewski*, 308 N.W.2d at 318–20 (finding a motorist is in physical control of a motor vehicle when he is seated in the driver's seat, slumped over the steering wheel, parked on the side of the road with the key in the ignition); *Moe*, 498 N.W.2d at 758–59 (probable cause to believe driver is in physical control of vehicle when officer observed him behind steering wheel with keys in the ignition, engine running, transmission in gear, and driver stated he was trying to get the vehicle "unstuck"); *Bale v. Comm'r of Pub. Safety*, 385 N.W.2d 870, 871 (Minn.

App.1986) (officer had probable cause to believe driver was in physical control when inebriated woman was found in the driver's seat of her parked automobile, with the car running and key in ignition, after she had attempted to purchase more liquor at a liquor store); *Erickson v. Comm'r of Pub. Safety,* 384 N.W.2d 609, 609–610 (Minn. App.1986) (physical control when driver was still behind wheel of car that had been driven into a ditch and stated that she had been driving home).

█ Physical control is not shown by evidence merely establishing that an individual is in a position where they could start the car "without too much difficulty." *Starfield,* 481 N.W.2d at 837. An officer in such a case has insufficient cause to believe the individual is in physical control without additional evidence that the person "has or is about to take some action that makes the motor vehicle a source of danger to themselves, to others, or to property." *Shane v. Comm'r of Pub. Safety,* 587 N.W.2d 639, 641 (Minn.1998). In *Shane,* the supreme court reversed a probable cause determination where the record established the following:

> [T]he only action the officers who stopped the Bronco observed was that Shane, after being ordered to remain in the Bronco, leaned over from the passenger seat and evidently touched the Bronco's gas pedal briefly, causing its engine speed to increase and a visable increase in the exhaust coming from its tail pipe. There is no evidence in the record that Shane did anything else. There is no evidence, and the officers who stopped the Bronco have not alleged, that Shane put himself in a position to move the Bronco or that he caused the Bronco to move. Further,

the record is clear that Shane did not move to the drivers' seat, touch the steering wheel, or put the Bronco in gear. Nor is there any evidence, and the officers have not alleged, that Shane made any attempt to do these things. *Id.* at 641–42.

The district court found that appellant had approached his vehicle and placed a foot inside the cab. The keys were not in the ignition, appellant did not move to the drivers' seat, did not start the car, nor did he touch the steering wheel or the gear shift. In *Duemke,* 352 N.W.2d at 432, the supreme court approved jury instructions indicating that the potential driver should be "in close proximity to the operating controls" and have the ability to move the car. Appellant was not in such proximity to the vehicle's controls and he was not yet in a position to exercise dominion over the vehicle.

█ The officer involved watched appellant approach his vehicle in the parking lot and observed no indication that the vehicle recently had been used. Other cases have found "physical control" exists when, because the motorist is found alone on the side of the road with the vehicle, circumstances indicate the vehicle involved had either been parked while the person operating it was under the influence of alcohol, or that there was a significant risk he or she would soon be starting and driving the vehicle.[1] *See, e.g., State v. Hendricks,* 586 N.W.2d 413, 414–16 (Minn.App. 1998), *review denied* (Minn. Feb. 18, 1999); *Abeln v. Comm'r of Pub. Safety,* 413 N.W.2d 546, 547 (Minn.App.1987); *Erickson,* 384 N.W.2d at 609–610; *Duemke,* 352 N.W.2d at 430; *State v. Thurmer,* 348 N.W.2d 776, 779 (Minn.App.1984). But

---

1. A determination that the driver had recently operated the vehicle is not required. *Starfield,* 481 N.W.2d at 838. But this is a consideration in evaluating the overall circumstances regarding appellant's exercise of control over the vehicle in the instant case.

where it is clear that the potential driver would not be operating the vehicle because he or she was in their vehicle at their residence, he or she is not in physical control. *State, City of Falcon Heights v. Pazderski,* 352 N.W.2d 85, 88 (Minn.App. 1984). Here, no attendant or aggravating circumstances indicate that appellant had or would operate the vehicle while intoxicated, as he was not alone with his vehicle on the side of the road, nor had he entered his vehicle or inserted the key into the ignition.

Moreover, appellant handed his keys to a third party before getting into the car, ending the prospects for his driving or taking control of the vehicle. "Relinquishment of control of a vehicle to an unimpaired driver, by one who believes he/she is under the influence and unable to operate the vehicle safely, or the use of designated drivers, are policies to be commended and encouraged." *Snyder,* 496 N.W.2d at 861 (affirming that individual is not in physical control of parked vehicle after relinquishing keys to passenger, even though individual previously drove vehicle and possessed keys while drinking where parked).

Before appellant relinquished his keys, he was someone who could start the car without much trouble. But a showing that he had physical control, creating danger, required evidence of special circumstances surrounding recent use, or evidence that he became seated or otherwise dealt with the operation of the car. Such additional indication of danger cannot be found on this record, and appellant cannot be found to have been in "physical control" sufficient for license revocation under Minn. Stat. § 169A.52, subd. 4. *See Shane,* 587 N.W.2d at 641.

## DECISION

Because appellant did not exercise unlawful "physical control" over his vehicle as required under Minn.Stat. § 169A.52, subd. 4 (2006), the decision sustaining revocation of his license is reversed.

**Reversed.**