Gary Wayne MEYER, Appellant,

v.

STATE of Minnesota, Respondent.

No. 81–1008.

Supreme Court of Minnesota.

March 5, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist and Anne E. Peek, Asst. County Attys., Minneapolis, for respondent.

WAHL, Justice.

This is an appeal from an order of the district court denying a petition seeking postconviction relief from convictions of two aggravated robberies, possession of a short-barreled shotgun, and possession by a felon of a handgun (the short-barreled shotgun). Petitioner, who is now in prison, claims that (1) the evidence was legally insufficient to support the convictions and (2) the trial court erred in denying a defense motion to suppress identification evidence on the ground that it was the suppressible product of a violation of Minn.R. Crim.P. 4.02, subd. 5(1), which is the rule against unnecessary delay in taking a criminal suspect before a magistrate. We affirm the order denying postconviction relief.

The charges against petitioner arose out of an aggravated robbery committed at a Superamerica station in south Minneapolis on May 10, 1980, by a man armed with a short-barreled shotgun. The robber took property belonging to the station and also items which had been purchased by a customer. The break in the case came 2 weeks later when petitioner and two others were arrested for possessing a short-barreled shotgun. One of petitioner's companions told police that petitioner had previously bragged about committing the Superamerica robbery. This led to petitioner's participation in a lineup several days later, where petitioner was identified by the two men who were robbed. Petitioner was then charged with the several offenses occurring on May 10.

1. There is no merit to petitioner's contention that the evidence adduced against him at trial was legally insufficient to support the convictions.

2. Petitioner's other contention is that the trial court erred in refusing to suppress the identification testimony as the fruit of a violation of Minn.R.Crim.P. 4.02, subd. 5(1). That rule provides that an arrested person be taken before a magistrate "without unnecessary delay, and in any event not more than 36 hours after the arrest, exclusive of the day of arrest, Sundays, and legal holidays, or as soon thereafter as such judge or judicial officer is available."

We need not decide whether the lineup occurred within the 36-hour period or, if so, whether the delay in taking petitioner before a magistrate was somehow unnecessary, because we are satisfied that, in any event, suppression would not be required. As we held in State v. Wiberg, automatic suppression is not an appropriate sanction for violating Rule 4.02, subd. 5(1); rather, "the trial court should consider, among other things, how reliable the evidence is, whether the delay was intentional,

whether the delay compounded the effects of other police misconduct, and the length of the delay." 296 N.W.2d 388, 393 (Minn. 1980). In this case there is no reason to believe that the police intentionally caused the delay in order to obtain evidence which they might not otherwise have been able to obtain. Indeed, the evidence obtained was identification evidence which would have been obtained in any event. *State v. Seefeldt*, 292 N.W.2d 558 (Minn.1980). Thus, even if petitioner had been released before the lineup was conducted, a lineup still could and presumably would have been conducted. Since the identification evidence was not the product of any violation of the rule, the trial court correctly denied the motion to suppress on this ground.

Affirmed.