STATE of Minnesota, Respondent,

v.

James Dean DYE, Appellant.

No. C3–84–2057.

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Aug. 29, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty., Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant James Dean Dye was convicted of burglary in the first degree, Minn. Stat. § 609.582, subd. 1(a)(c) (1984) and aggravated robbery, Minn.Stat. § 609.245 (1984). On appeal he contends the evidence was insufficient for convictions. He disputes the admission of *Spreigl* evidence, line-up evidence, and the cross-examination of alibi witnesses. He also challenges denial of sanctions for an alleged discovery violation. Finally, he argues that a triple departure was not justified by substantial and compelling circumstances in this case. We affirm, but modify the sentence.

## FACTS

At about 4:00 p.m. on February 3, 1984, Flora Skottam, age 84, heard her back door bell ring, saw no one there, and started opening the deadbolt on the front door. The door was shoved open by an intruder, who then grabbed her by the throat and demanded money. Skottam was pushed into the bedroom, where the intruder grabbed her purse. The intruder repeatedly choked, pinched, slapped, and hit Skottam and pulled her hair. He shoved her on the bed, laid on top of her and spit in her face; he spit on her hands to remove three rings from her fingers. He repeatedly threatened to shoot and cut her, and he forced her from room to room while demanding money. The intruder then took a television set and left.

After he was arrested, appellant admitted that he sold a ring, later identified as one of Skottam's rings, but he claimed the ring was given to him by another person as collateral. At a line-up and at trial, Skottam identified appellant as the intruder.

The State presented *Spreigl* evidence that on February 10, 1984, Gladys Hillesland, age 72, and her brother, Lloyd Hillesland, age 70, nearby neighbors of Skottam, were robbed in their home; the Hilleslands implicated appellant in the offense.

Following appellant's conviction of first degree burglary and aggravated robbery, appellant was sentenced to concurrent prison terms of 41 months and 120 months.

### ISSUES

1. Was the evidence sufficient to sustain appellant's convictions?

2. Did the trial court err in:

A. Admitting the *Spreigl* evidence?

B. Denying appellant's motion to suppress cross-examination of two defense witnesses based on alleged violations of discovery?

C. Admitting a prior conviction for impeachment purposes?

D. Refusing to grant appellant's motion for judgment or acquittal or for a continuance based on alleged violations of discovery?

E. Admitting evidence of a line-up where appellant's arraignment was improperly delayed?

3. Did substantial and compelling circumstances justify tripling the presumptive sentence for aggravated robbery?

### ANALYSIS

#### I.

We must affirm a finding of guilt if it is reasonable, having in mind the state's burden of proof, but taking a view of the evidence most favorable to the state. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978). It was reasonable for the jury to believe testimony identifying appellant as the intruder in two homes; it was for the jury to assess the weight of inconsistencies in the identification testimony. The evidence was otherwise sufficient to sustain the verdict.

#### II.

A. *Spreigl* evidence concerning the Hillesland offense was admissible under the identity or common-scheme exceptions of Minn.R.Evid. 404(b). The trial court found that the evidence of appellant's participation was relevant, was clear and convincing, and that its probative value outweighed its prejudicial effect. *See State v. Filippi*, 335 N.W.2d 739, 743 (Minn.1983). Gladys Hillesland identified appellant as the intruder at a line-up two weeks after the incident and in court; the trial court could fairly find this evidence was clear and convincing. The Skottam and Hillesland burglaries occurred within one week of each other, in the same neighborhood, and by a burglar who forced his way in the front door, demanding money from elderly victims. The trial court gave ample cautionary instructions to the jury on the use of this evidence. The trial court did not abuse its discretion by admitting the evidence.

B. During cross-examination of an alibi witness, the State and defense counsel learned that a memo summarizing conversations between the investigating police officer and two alibi witnesses had not been disclosed to defense counsel. Counsel moved to have suppressed any responses to cross-examination which stemmed from information in the memorandum, and to have the jury instructed to disregard testimony regarding the memo.

The trial court found the State violated its continuing duty to disclose under Minn. R.Crim.P. 9.03, subd. 2, but denied appellant's motions. The court concluded the violation was unintentional and inadvertent; apparently the prosecutor who tried the case received the file from another prosecutor and assumed that discovery was complete. The court properly considered that testimony was from defense witnesses, not State witnesses. The court correctly observed that appellant could have assumed the State would attempt to impeach alibi witnesses and could have learned from his witnesses that the police had talked to them. Finally, the court properly noted

that response to the new information was immediately available through redirect examination of the witnesses.

▪▪▪ Imposition of sanctions for discovery violations is a matter particularly suited to the judgment and discretion of the trial court. *State v. Lindsey*, 284 N.W.2d 368, 373 (Minn.1979). We find no abuse of that discretion here.

▪▪▪ C. We find no merit in the contention that the trial court abused its discretion when it allowed the State to impeach appellant's testimony by referring to a 1979 conviction for simple robbery. *See* Minn.R.Evid. 609(b); *State v. Jones*, 271 N.W.2d 534, 537 (Minn.1978).

▪▪▪ D. Two days before trial, defense counsel informed the court that three Twin City gold and silver dealers had told him that photos of a Dana Sims had been taken during property exchanges, pursuant to a Minneapolis ordinance, and that one photo showed Sims wearing a sweater like the one worn by the intruder at Skottam's home. The prosecutor stated he was unaware of these photos but would try to find them.

On the day of trial, defense counsel renewed his request for the photos and moved for a judgment of acquittal or for a continuance to allow the State to continue its search of the photos. *See* Minn.R. Crim.P. 9.03, subd. 8.

The prosecutor stated the police had not found the photos. The State had a strong incentive to find such a photo since it would likely be used in several pending cases involving Sims and other associates. In denying appellant's motions, the trial court stated:

> There's not enough basis for me to go on to rule in favor of you and I don't know if there really are any pictures. And it comes very late as far as discovery is concerned. It may be that it was just learned about in the last day or two but I don't know of any reason why it couldn't have been learned about before this time, if investigation was made, particularly because this case has gone on this long.

But at the present time there just really is no showing that there are such pictures. There's no affidavit, with detailed information.

> A statement of Counsel, a responsive statement of the prosecutor is, I suppose, at least of the same status as that of the defense attorney at this particular point, and on that basis and with what the Court has, the motion and the alternative motion are both denied.

In these circumstances, we conclude that the trial court did not abuse its discretion by denying the motion for judgment of acquittal, nor by denying a continuance. *See State v. Happel*, 259 N.W.2d 600, 601 (Minn.1977). Just as the trial court had no basis to believe a continuance would have uncovered the evidence, there is no cause to believe appellant was materially prejudiced.

▪▪▪ E. To allow for time to prepare a line-up, the State was granted an extension of time under Minn.R.Crim.P. 34.02. *See* Minn.R.Crim.P. 4.02, subd. 5(1). The extension was to expire at noon on February 27, 1984. A line-up was held the morning of February 27, appellant was charged with this offense on February 28, and the first court appearance occurred at 9:00 a.m. on February 29.

Appellant contends that the line-up evidence should have been suppressed and he should have a new trial because he was untimely brought before a magistrate.

This issue was not raised at the trial court level. Appellant did not object to the order expanding the time or to the delay before arraignment. We find no plain error in the delay that would justify review of a matter not brought to the attention of the trial court. Minn.R.Crim.P. 31.02.

▪▪▪ If there was an unnecessary delay in bringing appellant before a magistrate, suppression is not an automatic sanction. *Meyer v. State*, 316 N.W.2d 545, 546 (Minn. 1982). Rather, "the trial court should consider, among other things, how reliable the evidence is, whether the delay was intentional, whether the delay compounded the

effects of other police misconduct, and the length of the delay." *State v. Wiberg,* 296 N.W.2d 388, 393 (Minn.1980). Here, the identification evidence was not the product of any violation of the rule against unnecessary delay in taking a criminal defendant before a magistrate. *Meyer,* 316 N.W.2d at 547.

## III.

Appellant was sentenced to concurrent prison sentences of 41 months for burglary and 120 months for aggravated robbery. In its triple departure from the presumptive sentence for aggravated robbery, the trial court considered the age and vulnerability of the victim, the particular cruelty used by appellant in inflicting gratuitous violence, and an invasion of victim's own home.

■ Upward departures may be justified only when there are substantial and compelling circumstances. The Minnesota Supreme Court has decided:

> [W]e conclude that generally in a case in which an upward departure in sentence length is justified, the upper limit will be double the presumptive sentence length. * * * [W]e cannot state that this is an absolute upper limit on the scope of departure because there may well be rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified.

*State v. Evans,* 311 N.W.2d 481, 483 (Minn. 1981) (emphasis in original deleted). The facts here are very similar to those in a recent case where the *Evans* decision was followed. *State v. Pierson,* 368 N.W.2d 427 (Minn.Ct.App.1985).

■ We do not discount the trial court's concern for the depravity of appellant's conduct. Flora Skottam was particularly vulnerable due to age, and her age was exploited. She was gratuitously terrorized. She was attacked in her own home; her "zone of privacy" was invaded. She testified she no longer feels safe in her home and checks her doorlocks two to three times each night. Nonetheless, we are unable to say that this is the rare case which is so unusually compelling that a greater than double departure is justified. It is significant, for example, that no weapon was used and no medical testimony indicated extensive aftereffects.

The trial court was justified in departing durationally. Following *Pierson,* we cannot uphold more than a double departure in this case.

## DECISION

Appellant was fairly tried and the evidence was sufficient to sustain his convictions for burglary in the first degree and aggravated robbery. Because compelling circumstances are not those which justify a triple departure, the term of appellant's sentence must be modified to 82 months.

Affirmed as modified.