**STATE of Minnesota, Appellant,**

v.

**Charles Lyle MOE, Respondent.**

No. C9–92–2027.

Court of Appeals of Minnesota.

April 13, 1993.

dence exists sufficient to withstand summary judgment and dispute qualified immunity.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Kenneth J. Kohler, Nobles County Atty., Michael V. Tow, Asst. County Atty., Worthington, for appellant.

Robert A. Darling, Worthington, for respondent.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

The state challenges the trial court's determination that respondent, Charles Lyle Moe, was not in "physical control" of a

motor vehicle and the court's subsequent dismissal of the complaint for lack of probable cause. We reverse and remand.

## FACTS

Police officer Kevin Dather responded to a report of a pickup truck mired on the shoreline of a lake. Upon the officer's arrival, he observed the front end of the truck projecting into the lake with the engine running and respondent behind the wheel. After respondent shut the vehicle off, shifted the transmission to park and exited the vehicle, the officer observed that respondent appeared to be intoxicated.

The officer walked around the truck and observed gravel built up around the tires, apparently caused by the truck's tires being spun in an attempt to drive the truck from its current position. The officer then asked respondent if he had been driving. Before respondent answered, another person standing nearby, later identified as David Richardson, stated that he drove the truck into the lake. As a result, Richardson was charged with driving while under the influence of alcohol and later pleaded guilty to that charge. At the omnibus hearing, the state stipulated that Richardson drove the truck to the scene of the accident.

After questioning Richardson, the officer returned to respondent. Respondent stated to the officer, "I was just trying to get it unstuck, somebody had to save them from going in." Respondent subsequently failed a preliminary breath test and refused to finish performing the field sobriety tests. Respondent was then placed under arrest and transported to the police station where he was read the Implied Consent Advisory. After being given time to contact an attorney, respondent refused to submit to chemical testing.

Respondent was charged with (1) driving, operating or being in physical control of a motor vehicle while under the influence of alcohol in violation of Minn.Stat. § 169.121, subds. 1, 3a (Supp.1991); (2) driving, operating or being in physical control of a motor vehicle after cancellation, revocation or suspension of one's driver's license in violation of Minn.Stat. § 169.129 (1990); and (3) refusal to submit to testing in violation of Minn.Stat. § 169.121, subd. 1a (Supp.1991).[1]

At the omnibus hearing, respondent moved to dismiss the complaint arguing his actions did not constitute "physical control" because he was not driving the vehicle at the time it became stuck in the lake and because the truck was inoperable. Respondent testified he remained in the center front seat of the truck and moved towards the driver's seat only to get out, but the door was stuck. Thus, respondent contends that in his conversation with the police officer, he was referring to getting the truck door "unstuck," not the truck itself. Respondent further testified that he did not touch the vehicle controls or the keys in the ignition until the officer instructed him to shut the engine off and that he did not try to accelerate or extricate the truck after Richardson got out. Based on these facts, the trial court determined the complaint lacked probable cause to proceed against respondent and therefore granted respondent's motion to dismiss the complaint. The court reasoned that when looking at all the facts, there was no "justification to believe that [respondent] was in physical control of the vehicle for purposes of the DWI law." This appeal followed.

## ISSUES

1. Does this court have jurisdiction to decide the issues in this case where the appeal arises from the dismissal of the complaint for lack of probable cause?

2. Did the trial court err in dismissing the complaint after determining the police officer's observations and respondent's later exculpatory explanations did not support a probable cause finding that respondent was in "physical control" of the motor vehicle?

## ANALYSIS

### I. *Jurisdiction*

Respondent argues this court does not have jurisdiction to hear this appeal be-

---

1. Respondent was also charged with driving without insurance. The state, however, dismissed this charge because respondent did not own the vehicle.

cause the complaint was dismissed for lack of probable cause. We disagree.

■ Respondent relies on Minn. R.Crim.P. 28.04, subd. 1 which provides:

**Right to Appeal.** The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense.

Case law, however, provides an exception to this general rule. In *State v. Kiminski*, 474 N.W.2d 385 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991), the trial court dismissed the complaint for lack of probable cause based on the legal interpretation of a statute. This court allowed the appeal stating:

Where a complaint is dismissed solely on a question of law, Minn.R.Crim.P. 28.04, subd. 1(1) does not prohibit appeal by the State of Minnesota.

*Id.* at 389. *See also State v. Aarsvold*, 376 N.W.2d 518 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985).

■ A probable cause determination is a mixed question of fact and law, but once the facts have been found, the court must apply the law to determine whether probable cause exists. *Hasbrook v. Commissioner of Pub. Safety*, 374 N.W.2d 592, 594 (Minn.App.1985). In the present case, the trial court applied the law to the facts, and decided as a matter of law there was no probable cause for the complaint. Accordingly, this court has jurisdiction to decide the merits of the appeal.

## II. *Physical Control*

■ In a pretrial appeal, the reviewing court may reverse where the dismissal order was based on an error of law. *State v. Skjefte*, 428 N.W.2d 91, 95–96 (Minn.App. 1988), *pet. for rev. denied* (Minn. Aug. 29, 1988). An error has occurred when the reviewing court reaches a firm conviction that a mistake was made. *State v. Kvam*, 336 N.W.2d 525, 529 (Minn.1983).

■ We hold the trial court erred in determining there was no probable cause to believe respondent was in "physical con-

trol" of a motor vehicle. The court reasoned that respondent was merely a passenger because the officer could independently verify at the scene of the incident that another person was the driver of the truck.

■ While it is acknowledged that respondent did not drive the truck into the lake, this does not mean that respondent could not have later assumed "physical control" of the vehicle. The term "physical control" is much more comprehensive than the terms "drive" or "operate." *State v. Starfield*, 481 N.W.2d 834, 836 (Minn.1992). Operability of the motor vehicle is not an element of the crime of being in "physical control" of a motor vehicle while under the influence of alcohol. *Id.* at 839. Neither must the state prove respondent was in the motor vehicle for the purpose of operating the vehicle. *Id.*

A car incapable of immediate self-propelled mobility may still be a potential traffic hazard, and it is this potential for harm, that the term "physical control" was meant to encompass. *Id.* at 838. In this case, if respondent was in "physical control" of the vehicle at any time in an attempt to free the truck from the lake, the potential for harm to himself and his companions is self-evident. Even a vehicle that cannot easily be rendered capable of movement, may be a hazard in its stationary, disabled condition. *Id.* at 838, n. 1.

■ This court does not conduct a de novo review of an officer's probable cause determination. *Stiles v. Commissioner of Pub. Safety*, 369 N.W.2d 347, 350 (Minn. App.1985). Probable cause is to be evaluated from the point of view of the particular situation confronting that officer. *Id.* The officer's task is to make a practical common sense decision in light of all the circumstances. *Id.* Probable cause to believe a driver is in "physical control" is

a reasonable suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the driver was in physical control.

*State v. Maletich*, 384 N.W.2d 586, 587 (Minn.App.1986).

In the present case, it is undisputed the police officer observed respondent behind the wheel of the vehicle, the keys in the ignition, the engine running, the transmission in gear, and that someone had tried to move the truck. These facts along with respondent's statement that he was trying to "get it unstuck" clearly show the officer had probable cause to believe respondent was in "physical control" of the truck. An officer may consider behavior which may later be shown to have exculpatory explanations when assessing the totality of the circumstances. *Stiles*, 369 N.W.2d at 350. Thus even if there are valid alternative explanations, probable cause may still exist. *Id.* at 350–51.

In most cases the jury is asked to decide if the defendant was driving, operating or in "physical control" of a motor vehicle while under the influence of alcohol. *Starfield*, 481 N.W.2d at 838. Drunk driving cases, especially those where the officer comes upon a stationary vehicle with an inebriated person inside, provide a remarkable variety of explanations to test the factfinder's credibility-determining powers. *Id.* at 839. Here the trial court considered respondent's exculpatory explanations and determined respondent was not in "physical control" of the vehicle.

We hold it was error for the trial court to make a determination, applying its view of the law that, as a matter of law, there was no probable cause to find that respondent was in "physical control" of the motor vehicle. The trial court should not have determined the credibility of conflicting testimony at the omnibus hearing on the issue of probable cause. *See State v. Florence*, 306 Minn. 442, 460, 239 N.W.2d 892, 903 (1976) ("trial judge's function at the omnibus hearing does not extend to an assessment of the relative credibility of conflicting testimony").

## DECISION

We reverse the trial court's dismissal of the complaint for lack of probable cause. Accordingly, we reinstate the remaining charges in the complaint and remand for trial.

**Reversed and remanded.**