STATE of Minnesota, Respondent,

v.

David Richard LOEFFLER, Appellant.

No. C5–00–1181.

Court of Appeals of Minnesota.

March 20, 2001.

Jennifer Inz, Craighton T. Boates, Assistant Eden Prairie City Attorneys, Lang, Pauly, Gregerson & Rosow, LTD., Minneapolis, MN, for respondent.

David Richard Loeffler, Certified Student Attorney, Eden Prairie, MN, pro se appellant.

Considered and decided by KALITOWSKI, Presiding Judge, SCHUMACHER, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge

Appellant David Richard Loeffler, who was tab-charged for a petty misdemeanor speeding violation, argues that the district court erred by denying him a formal complaint upon his timely demand, in denying his motion for additional discovery, and in refusing to issue subpoenas, and that he was prejudiced by the prosecutor's ex-parte request for continuance of the trial. Because Loeffler did not receive a formal complaint within 30 days after his request, we reverse.

## FACTS

On March 29, 2000, appellant David Richard Loeffler was charged by citation with violating Minn.Stat. § 169.14 (2000), driving in excess of the posted speed limit. At his arraignment on May 24, 2000, Loeffler requested a formal complaint. The district court denied Loeffler's request.

The matter was set for trial on June 21, 2000.

On June 1, 2000, Loeffler wrote to the Eden Prairie Assistant City Attorney requesting discovery and a formal complaint. By letter dated June 13, 2000, the Assistant City Attorney sent Loeffler copies of the citation, police officer's notes, and Loeffler's driving record, and the name and address of the charging police officer, but refused to provide a formal complaint. This letter also advised Loeffler that the trial date had been continued by the Assistant City Attorney's ex parte request to the court administrator's office and that trial was now set for July 5, 2000. About a week later, the Assistant City Attorney sent Loeffler the certificate of field calibration of the radar unit and tuning fork calibration certificates.

On June 26, 2000, Loeffler filed a notice of motion and motion stating that on July 5, 2000, he would move the court for an order dismissing the tab charge because the prosecutor failed to file a formal complaint and because of the ex parte communication by the prosecutor with the court regarding a continuance. In the alternative, Loeffler moved the court for a new trial date, and an order compelling the prosecutor to provide discovery set out in the motion, and he requested that he be allowed to subpoena four witnesses.

At trial on July 5, 2000, Loeffler informed the court that he had filed a motion to dismiss instead of going to trial. The prosecutor responded:

> Your Honor, as a procedural matter, it is the procedure in this courthouse or in this court district to schedule the motions on the special term motions. Since it is set for trial and the officer's here, we believe that it's not procedurally appropriate before the Court.

The motion was denied and the matter proceeded to trial. At the conclusion of the testimony, the district court found Loeffler guilty. This appeal follows.

## ISSUES

I.  Does a defendant who is tab-charged with a petty misdemeanor have the right to a formal complaint on demand?

II.  Did the trial court err by denying defendant's request for discovery and subpoenas?

III.  Did the trial court err by denying defendant's request for a continuance after having granted the prosecutor's ex parte request for a continuance?

## ANALYSIS

### I.

■ Loeffler argues that the district court erred in denying him a formal complaint upon his timely demand and erred by failing to dismiss the case when a formal complaint was not provided. The interpretation of the rules of criminal procedure is a question of law subject to de novo review. *State v. Nerz,* 587 N.W.2d 23, 24–25 (Minn.1998).

■ The rules of criminal procedure provide that the procedure in a petty misdemeanor case is the same as the procedure for misdemeanors. *See* Minn. R.Crim. P. 23.05, subd. 3. The accused in a misdemeanor case is entitled to a formal complaint within 30 days after a demand by the defendant. Minn. R.Crim. P. 4.02, subd. 5(3).

The state argues that Loeffler has demonstrated no prejudice from the district court's refusal to compel a formal complaint and that he is therefore not entitled to dismissal. The rules of criminal procedure, however, provide that "[i]f no valid complaint has been made and filed within

the time required * * * the defendant shall be discharged, the proposed complaint, if any, and any supporting papers shall not be filed, and no record shall be made of the proceedings." Minn. R.Crim. P. 4.02, subd. 5(3). The rule does not require a defendant show prejudice. Loeffler did not receive a formal complaint within 30 days after his request and he is entitled, under the rules, to dismissal and removal of all papers regarding the charge from the record. Failure to grant the motion to dismiss was error.

Because we find that failure to timely provide the requested formal complaint entitled Loeffler to dismissal, we need not address the irregular manner in which the prosecutor obtained a continuance of the trial date or the district court's denial of Loeffler's motion to compel additional discovery and issue subpoenas.

### DECISION

Loeffler was entitled to dismissal of the petty misdemeanor charge against him when he did not receive a timely formal complaint after demand. The trial court erred by denying his motion to dismiss.

**Reversed.**

SCHUMACHER, Judge (dissenting)

I cannot agree with the majority that appellant was entitled to a formal complaint for this petty misdemeanor speeding charge. But assuming for the sake of argument that he is, not every violation of a procedural rule requires reversal of a conviction. *See generally* Minn. R.Crim. P. 31.01 (providing that errors not affecting substantial rights should be disregarded). Even violations of rules that protect a defendant's constitutional rights do not automatically give rise to so severe a sanction. *See State v. Jackson,* 472 N.W.2d 861, 863 (Minn.1991) (holding violation of prompt arraignment rule does not neces-

sarily require suppression of statement); *State v. Genung,* 481 N.W.2d 130, 132 (Minn.App.1992) (holding violation of deadline for submission of homicide case to grand jury did not require dismissal), *review denied* (Minn. Apr. 13, 1992). Appellant received a copy of everything in the police file, which was all the discovery he was entitled to. Minn. R.Crim. P. 7.03. This discovery fulfilled the purpose that would have been served by a formal complaint. *See State v. Jannetta,* 355 N.W.2d 189, 194 (Minn.App.1984); 1 Martin J. Costello et al., *Minnesota Misdemeanors and Moving Traffic Violations* 95 (3rd ed.1999). Appellant cannot show prejudice from the denial of a formal complaint, and therefore is not entitled to reversal of his conviction.