**STATE of Minnesota, Respondent,**

v.

**Nadezhda Vytchesdavvvna WOOD, Appellant.**

**No. A13–1048.**

Court of Appeals of Minnesota.

April 7, 2014.

Lori Swanson, Attorney General, St. Paul, MN; and Sara R. Grewing, St. Paul City Attorney, Steven E. Heng, Assistant City Attorney, St. Paul, MN, for respondent.

Nadezhda Vytchesdavvvna Wood, St. Paul, MN, attorney pro se.

Considered and decided by CHUTICH, Presiding Judge; CLEARY, Chief Judge; and CONNOLLY, Judge.

## OPINION

CHUTICH, Judge.

Appellant Nadezhda Wood[1] appeals her petty misdemeanor traffic-violation convictions, arguing that (1) the complaint must be dismissed because of ineffective service; (2) the complaint must be dismissed because it lacks probable cause; and (3) her right to confront witnesses was violated when the district court denied her subpoena request. Because service of the complaint was not required, Wood has not shown that prejudice resulted from the probable-cause finding, and the district court acted within its discretion in denying the subpoena request, we affirm.

## FACTS

On February 23, 2012, Officer Scott Braski of the St. Paul Police Department saw Wood driving "at a high rate of speed" and passing cars in the right lane as she drove southbound on Dale Street in St. Paul. Using a laser device, Officer Braski measured Wood's speed at 52 miles per hour in a 30–mile–per–hour zone. The officer also saw Wood "closing quickly on" the car in front of her and, when she was within a few feet of that car, she "darted to the right lane without using a turn signal." Officer Braski pulled Wood over and gave her a citation for speeding and following another vehicle too closely. That same day, Wood requested a written complaint from the state.

On March 19, 2012, the state filed a complaint with the district court. The state mailed and faxed copies of the complaint to Wood's office.

Wood moved to dismiss the case for lack of jurisdiction because she was not served properly with the complaint and for lack of probable cause because the complaint did not identify how the signing complainant became aware of the facts of the case. The district court denied Wood's motions. Wood later requested that the district court issue a subpoena to the signing complainant to appear at Wood's upcoming trial. The district court denied this request as well.

At the April 2013 court trial, Officer Braski testified on behalf of the state. Wood did not testify or call any witnesses. The district court found Wood guilty of speeding and following a vehicle more closely than reasonable and prudent. *See* Minn.Stat. §§ 169.14, subd. 2(a), .18, subd. 8(a) (2010).[2] The district court denied Wood's motion to vacate her convictions. This appeal followed.

## ISSUES

I. Did the district court err by denying Wood's motion to dismiss the petty misdemeanor complaint for lack of service?

II. Did the district court err by denying Wood's motion to dismiss the

---

1. The spelling of appellant's middle name in the district court's file does not match appellant's attorney record. Nevertheless, we have maintained the district court's spelling in the title of the action. *See* Minn. R. Civ.App. P. 143.01.

2. "Where no special hazard exists the following speeds shall be lawful, but any speeds in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful[:] ... (1) 30 miles per hour in an urban district[.]" Minn. Stat. § 169.14, subd. 2(a). A driver of a car "shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway." Minn.Stat. § 169.18, subd. 8(a).

petty misdemeanor complaint for lack of probable cause?

III. Did the district court violate Wood's confrontation right by denying Wood's subpoena request?

## ANALYSIS

### I. Service of Complaint

Wood asserts that the district court lacked jurisdiction over her because service of the complaint was ineffective. We review the interpretation of criminal procedural rules de novo. *State v. Loeffler*, 626 N.W.2d 424, 425 (Minn.App.2001). Except where otherwise provided, "the procedure in petty misdemeanor cases must be the same as for misdemeanors punishable by incarceration." Minn. R.Crim. P. 23.05.

At a person's request, the state must file a complaint in misdemeanor and petty misdemeanor cases:

> [I]n a misdemeanor case, if the judge orders, or if requested by the person charged or defense counsel, a complaint must be filed. . . . In a misdemeanor case, the complaint must be filed within 48 hours after demand if the defendant is in custody, or within 30 days of the demand if the defendant is not in custody. If no complaint is filed within the time required by this rule, the defendant must be discharged, the complaint and any supporting papers must not be filed, and no record will be made of the proceedings.

Minn. R.Crim. P. 4.02, subd. 5(3).

After receiving a citation for her traffic offenses, Wood requested a formal complaint from the state. The state filed the complaint less than 30 days later and sent copies of it to Wood via U.S. mail and fax. Wood does not deny that the state filed the complaint or that she received the copies.

The Minnesota Rules of Criminal Procedure do not include a service requirement for complaints in petty misdemeanor or misdemeanor cases. Wood contends that we should read such a service requirement into the rule. But we apply the plain meaning of a rule where the words are clear and unambiguous. *See State v. Palmer*, 749 N.W.2d 830, 832 (Minn.App. 2008). While the rules require formal service of gross misdemeanor complaints, no similar requirement exists for misdemeanor or petty misdemeanor complaints. *See* Minn. R.Crim. P. 4.02, subd. 5.

Moreover, contrary to Wood's argument, rule 33.02 of the Minnesota Rules of Criminal Procedure does not independently support her assertions. Under that rule, titled "Service; On Whom Made," service "must be made in the manner provided in civil actions, as ordered by the court, or as required by these rules." Minn. R.Crim. P. 33.02. Rule 33.01, titled "Service; Where Required," states that "[w]ritten motions—other than those heard ex parte—written notices, and other similar papers must be served on each party." Minn. R.Crim. P. 33.01. Wood does not explain how a complaint is similar to a motion filing.

Because formal service of the petty misdemeanor complaint is not required and because the state filed and Wood actually received a formal complaint within 30 days after her request, Wood's jurisdictional argument is meritless. *Cf. Loeffler*, 626 N.W.2d at 426 (holding that, because the state refused to file a formal complaint upon defendant's timely demand, defendant was entitled to dismissal of the petty misdemeanor charge under rule 4.02 of the Minnesota Rules of Criminal Procedure).

## II. Probable Cause to Issue Complaint

 Wood next argues that, because the signing complainant had no personal knowledge of the facts of the case and did not disclose her sources, the complaint lacks probable cause. "A probable cause determination is a mixed question of fact and law, but once the facts have been found, the court must apply the law to determine whether probable cause exists." *State v. Moe,* 498 N.W.2d 755, 758 (Minn. App.1993).

A complaint is "a written signed statement of the facts establishing probable cause to believe that the charged offense has been committed and that the defendant committed it." Minn. R.Crim. P. 2.01, subd. 1. A complaint "must specify the offense charged, the statute allegedly violated, and the maximum penalty." *Id.* "The judge must determine whether probable cause exists to believe an offense has been committed and the defendant committed it." *Id.,* subd. 4.

 "[T]he test of probable cause is whether the evidence worthy of consideration ... brings the charge against the [defendant] within reasonable probability." *State v. Florence,* 306 Minn. 442, 446, 239 N.W.2d 892, 896 (1976) (quotation omitted). "A motion to dismiss for lack of probable cause should be denied where the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial." *State v. Lopez,* 778 N.W.2d 700, 703–04 (Minn.2010) (quotation omitted). Due process requires that a criminal defendant "be adequately apprised of the charge made against him in order that he may prepare his defense, as well as to insure against jurisdictional defects." *State v. Pratt,* 277 Minn. 363, 366, 152 N.W.2d 510, 513 (1967); *see State v. Dunson,* 770 N.W.2d 546, 552 (Minn. App.2009).

The complaint here lists the offenses charged, the statutes violated, and the maximum possible penalties. The probable-cause section states that, on February 23, 2012, Wood was driving in St. Paul; "a licensed peace officer measured [Wood's] speed at 52 mph in a posted 30 mph zone"; Wood "also followed another vehicle too closely as she passed a slower motor vehicle"; and "[t]he officer initiated a traffic stop, identified [Wood], and issued her a traffic citation." These statements, if proved at trial, would preclude the granting of a motion for a directed verdict of acquittal. *See Lopez,* 778 N.W.2d at 703–04.

But the complaint does not state whether the signing complainant was present at the time of the offense and does not explicitly state how the complainant received the information contained in the probable-cause section. The state notified Wood and the district court at the August 2012 hearing that "[t]he complaining witness on the complaint as always is ... one of our paralegals in our office.... This complaint was filed routinely, ordinarily in the usual course of business like we've filed all the time[.]"

.The state does not dispute that the signing complainant was not present at the incident. The state contends that the paralegal's knowledge is based on her review of the citation and the police officer's report. Wood responds that we should disregard such contentions because the state's brief is the first time where the parties "learned how the paralegal knew of the events to the truth of which she swore," and Wood asserts that the district court was not able to assess "the credibility of the sources relied on by the complainant" in making its probable-cause determination.

Wood argues that *Giordenello v. United*

*States* supports her argument.[3] 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). In *Giordenello,* the Supreme Court reviewed the legality of the defendant's arrest that was based on an arrest warrant. *Id.* at 481, 78 S.Ct. at 1247. The defendant argued that the arrest warrant was insufficient "because the complaining officer ... relied exclusively upon hearsay information rather than personal knowledge in executing the complaint." *Id.* at 484, 78 S.Ct. at 1249. The complaint stated in relevant part:

> The undersigned complainant ... being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.
>
> And the complainant further states that he believes that [omitted] are material witnesses in relation to this charge.

*Id.* at 481, 78 S.Ct. at 1247–48.

Reviewing the probable-cause requirements in the Federal Rules of Criminal Procedure and the Fourth Amendment, the Supreme Court stated that "[t]he provisions of these Rules must be read in light of the constitutional requirements they implement." *Id.* at 485, 78 S.Ct. at 1249–50. The probable-cause requirement affords the protection that "the inferences from the facts which lead to the complaint be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Id.* at 486, 78 S.Ct. at 1250.

The Court declined to decide whether a warrant may be based on hearsay information and determined that no probable cause to issue the arrest warrant existed when "[t]he complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made." *Id.* "[T]hese deficiencies could not be cured by the [judge's] reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer." *Id.*

The complaint here provides much more information about the alleged offenses than the challenged complaint in *Giordenello.* It explains what occurred on February 23, 2012, where it occurred, and it clearly states that a licensed peace officer measured Wood's speed with a laser device and then pulled her over. Unlike in *Giordenello,* the complaint here shows the source of the signing complainant's belief—the licensed peace officer—and the basis of the officer's belief that Wood committed the traffic violations—the speed that registered on the officer's laser device and the officer's personal observation that Wood followed another vehicle too closely. Wood does not further allege how her Fourth Amendment rights may have been violated by the probable-cause finding.

■ Furthermore, Wood has not shown any prejudice. A district court's finding of probable cause to charge by complaint is not a ruling on the merits. As when seeking to overturn an indictment, a defendant "bears a heavy burden"

---

**3.** Wood also cites a Minnesota case, *State v. Doyle,* but the issue in that case was whether an affidavit contained sufficient facts for a judge to issue a search warrant. 336 N.W.2d 247, 250 (Minn.1983). "[P]robable cause to support a criminal charge is not the same thing as probable cause to issue a search warrant." *In re Welfare of C.T.L.,* 722 N.W.2d 484, 490 (Minn.App.2006).

in showing the probable-cause finding in a petty misdemeanor complaint should be overturned when the defendant has had a fair trial and has been found guilty beyond a reasonable doubt. *See State v. Pilcher,* 472 N.W.2d 327, 336 (Minn.1991) (holding that error in intoxication-defense instruction during grand-jury proceeding was not reversible error where defendant demonstrated no prejudice and the petit jury found defendant guilty beyond a reasonable doubt).

Here, Wood was not arrested on the complaint. The district court held a fair and impartial trial, and the officer who observed Wood's driving testified about his observations under oath, subject to cross-examination. The district court found Wood guilty beyond a reasonable doubt. Wood does not challenge the sufficiency of the evidence or the propriety of any of the police officer's actions. No prejudice resulted from the district court's finding of probable cause. *Cf. State v. Graham,* 764 N.W.2d 340, 359 (Minn.2009) (holding that "convictions obtained by a prosecutor who was unlicensed to practice law at the time of the conviction should be set aside only when the defendant is able to show prejudice warranting reversal").

Even though we conclude that the complaint established probable cause for Wood's traffic violations, we do not endorse the practice used here. Adding a sentence to the complaint stating who the signing complainant is and how she received the stated information is a simple and preferred approach to establishing probable cause.

### III. Right to Confront Witnesses

■ Lastly, Wood contends that, because she has a "constitutional right to confront the signing complainant as a witness against her," the district court erred by denying her request to subpoena the signing complainant. "A defendant not represented by an attorney may obtain a subpoena only by court order." Minn. R.Crim. P. 22.01, subd. 3. Shortly before trial, Wood requested that the district court issue a subpoena for the paralegal because she wanted to cross-examine her "regarding her personal knowledge of the facts to which she made a sworn statement." The district court denied Wood's request, finding that, because the paralegal "does not have personal knowledge of the facts of any of the complaints she signs," the paralegal's "testimony would not be relevant or admissible on the issue of guilt or innocence" under Minnesota Rule of Evidence 602.

We give great deference to a district court's discretion in evidentiary matters, and we will not "lightly overturn" a district court's evidentiary ruling. *State v. Kelly,* 435 N.W.2d 807, 813 (Minn.1989). "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Minn. R. Evid. 602. Wood presented no evidence to support a finding that the paralegal had personal knowledge concerning Wood's two traffic violations.

Even more importantly, the record shows that Wood had a full opportunity to exercise her right to confront the key prosecution witness who did have personal knowledge about her driving offenses. The police officer who observed Wood's driving testified at trial, giving Wood the chance to cross-examine him. Nothing in the record shows that Wood's confrontation rights were violated. *See* U.S. Const. amend. VI; Minn. Const. art I, § 6. Thus, the district court acted within its discretion by denying Wood's subpoena request.

### DECISION

Because formal service of complaints in misdemeanor and petty misdemeanor

cases is not required, the district court had jurisdiction over Wood's case. Wood has not shown that the complaint lacked probable cause or that she was prejudiced by the probable-cause finding. And because Wood had an opportunity to cross-examine the police officer who witnessed her traffic violations, her Sixth Amendment confrontation rights were not violated. We affirm Wood's convictions.

**Affirmed.**