*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0954**

In the Matter of the Civil Commitment of:
Wayne Leonard Heinz.

**Filed October 14, 2014
Affirmed
Cleary, Chief Judge**

Hennepin County District Court
File No. 27-MH-PR-14-39

Kurt M. Anderson, Minneapolis, Minnesota (for appellant Wayne Leonard Heinz)

Michael O. Freeman, Hennepin County Attorney, John L. Kirwin, Assistant County Attorney, Minneapolis, Minnesota (for respondent Hennepin County)

Considered and decided by Cleary, Chief Judge; Worke, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

Appellant Wayne Leonard Heinz, who was committed as a chemically dependent person, seeks review of a district court order denying his motion to vacate an ex parte prehearing order for a judicial hold and to strike certain content from an exhibit to the commitment petition. We affirm.

**FACTS**

On January 13, 2014, a program manager with the Hennepin County Human Services and Public Health Department filed a petition under oath to commit appellant as a chemically dependent person. The petition had two attachments: the prepetition examiner's report and an exhibit containing information taken from the prepetition screening report, although there was no acknowledgment in the exhibit that the report was the source of the information. The petitioner also filed the prepetition screening report and a request for an ex parte prehearing order to hold appellant at a treatment facility. The district court issued the ex parte hold order the same day. Later that day, appellant filed a motion to vacate the hold order and to strike content from the exhibit to the petition.

On January 16, 2014, following appellant's prehearing examination, the district court held the preliminary hearing. Appellant waived his trial rights and agreed to commitment as a chemically dependent person, with the understanding that he would be transferred to a particular facility for inpatient treatment. The district court committed appellant accordingly through July 16, 2014. The order also recognized that counsel had stipulated that the issues appellant raised in his motion to vacate would survive the settlement of the commitment petition (to provide respondent with sufficient time to respond) and could be raised by appellant in the future.

On April 11, 2014, the district court issued an order denying appellant's motion to vacate the ex parte hold order, and this appeal followed. This court issued an order questioning jurisdiction, but allowed the appeal to proceed on the merits because

appellant demonstrated that the issues he raised were too short in duration to be fully litigated before being rendered moot and there was a reasonable expectation that he would be subject to the same action again.

## D E C I S I O N

When the facts are undisputed, we review de novo whether a seizure is justified by the requisite cause. *See State v. Burbach*, 706 N.W.2d 484, 487 (Minn. 2005). Statutory interpretation also raises a legal question subject to de novo review. *In re Civil Commitment of Ince*, 847 N.W.2d 13, 20 (Minn. 2014).

A petitioner who has filed a petition for civil commitment with the district court may ask the court to issue an ex parte order for a prehearing hold if the proposed patient is likely to cause serious physical harm to himself or others; had failed to appear for a mental-health examination or commitment hearing; or was being held on an emergency medical hold. Minn. Stat. § 253B.07, subd. 2b (Supp. 2013). Here, respondent filed the sworn petition with an attached exhibit containing information from the prepetition screening report, although the exhibit did not acknowledge the report as the source of the information. The district court held that the prepetition screener (whose report was also sworn) may be the sole informant for the petition and that the statute does not prohibit the petitioner from relying on details solely from the prepetition screening report.

Appellant first asserts, and respondent does not dispute, that a hold order under Minn. Stat. § 253B.07, subd. 2b constitutes a "seizure of the person for the purpose of the Fourth Amendment." *See McCabe v. Life-Line Ambulance Serv., Inc.*, 77 F.3d 540, 544 (1st Cir. 1996) (stating that the Fourth Amendment applies to various civil proceedings,

including involuntary commitment proceedings for dangerous persons suffering from mental illness). As such, it "may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." *Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992). Our supreme court has held that a finding of "probable dangerousness" may reasonably be required for a prehearing hold order, with the standard of dangerousness to be governed by the relevant statutory standard. *See State ex rel. Doe v. Madonna*, 295 N.W.2d 356, 363-64 (Minn. 1980) (addressing predecessor commitment statute).

Probable cause for a seizure must be supported by an oath or affirmation. U.S. Const. amend. IV; Minn. Const., art. I, § 10. Here, although the program-manager affiant signed the petition under oath, the attached exhibit was unsworn. Appellant contends that the oath or affirmation requirement was not met because the sworn affiant did not have personal or direct knowledge of his circumstances and relied only on hearsay.

Respondent contends that a collective-information standard – which relies on hearsay – may be used to assess whether an affiant petitioning for commitment made the particularized showing of likely serious physical harm to the proposed patient or others, just as a collective-information standard may be used in criminal cases to assess whether there is probable cause for a seizure. Under the probable cause standard, "[t]he right to act must be judged by the total knowledge of the police department." *State v. Radil*, 288 Minn. 279, 283, 179 N.W.2d 602, 605 (1970). Thus, "[w]hen more than one officer is involved in an investigation, Minnesota uses the 'collective knowledge' approach to

4

determine whether probable cause existed." *State v. Riley*, 568 N.W.2d 518, 523 (Minn. 1997) (quotation omitted).

Appellant next asserts that the collective-information standard applies only to warrantless searches and seizures, not to the issuance of a warrant or, in the case of a commitment proceeding, a prehearing hold order. But caselaw makes it clear that in assessing probable cause for a warrantless seizure, the measure is whether it is based on "objective facts that could justify the issuance of a warrant by a magistrate." *State v. Munson*, 594 N.W.2d 128, 136 (Minn. App. 1999) (quotation omitted). The same standard applies when collective knowledge is used to provide probable cause. *See Radil*, 288 Minn. at 283, 179 N.W.2d at 605. There is no bar to using collective knowledge to support a request for an ex parte prehearing hold order.

Appellant also contends that when an affiant relies on hearsay, as here, a sworn affiant must also provide information as to the veracity of the informant and the basis for the knowledge of the hearsay. *See State v. Jenkins*, 782 N.W.2d 211, 223 (Minn. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)). Appellant argues that this standard was not met because neither the petition nor the exhibit to the petition indicates that the petitioner undertook any independent investigation of the case.

This argument has been raised in a challenge to a complaint for insufficient probable cause, where the signing complainant, a paralegal, had no personal knowledge of the facts asserted in the complaint, which alleged the appellant had been speeding, and the complaint did not show how the complainant obtained the information. *State v. Wood*, 845 N.W.2d 239, 243 (Minn. App. 2014), *review denied* (Minn. June 17, 2014).

This court upheld the complaint because it provided facts concerning the date and location of the offense, the source of the signing complainant's belief (a licensed peace officer who observed defendant speeding and following too closely), and the basis for the belief she was speeding, a laser device. *Id.* at 244.

In this case, although the exhibit to the petition for commitment contains extensive hearsay statements supporting the likelihood that serious physical harm would occur if appellant was not held, the petition does not identify the affiant's source for these statements. The best practice for petitions for commitment would be for the affiant to provide the source of the hearsay statements, which, in this case, was the prepetition screening report. Here, because the prepetition screening report was filed along with the petition, the court was supplied with the source of affiant's information.

Finally, appellant contends that the use of the information from the prepetition screening report to support the petition was improper because of statutory limitations on the use of the prepetition screening report. "The prepetition screening report is not admissible as evidence except by agreement of counsel or as permitted by this chapter or the rules of court and is not admissible in any court proceedings unrelated to the commitment proceedings." Minn. Stat. § 253B.07, subd. 1(b) (2012). The district court held that the inclusion of statements in the petition, regardless of their source, does not necessarily make them admissible as evidence, until proven in court pursuant to the Minnesota Rules of Evidence and relevant case law. The district court's ruling is correct. Respondent was not using the report as evidence, but to provide probable cause for the

prehearing hold.  Consequently, it was properly used to support the request for the ex parte prehearing hold.

**Affirmed.**